# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | No. 11-36-7 |
| | : | |
| AARON TYLER JOHNSON | : | |
| | : | |

McHUGH, J.                                                                    July 15, 2021

## MEMORANDUM

On April 4, 2012, Petitioner Aaron Tyler Johnson pleaded guilty to conspiracy to distribute 280 grams or more of cocaine base ("crack"), possession with intent to distribute cocaine, and aiding and abetting. *See* ECF 248. Based on a total offense level of 33 and a criminal history category of III, the guideline range for imprisonment was 168 to 210 months. PSR ¶ 173. However, because the conspiracy charge triggered a mandatory minimum term of 240 months, Mr. Johnson was sentenced to this minimum by the late James Knoll Gardner of this Court on November 2, 2012. *Id.*

Mr. Johnson has filed a *pro se* petition under 18 U.S.C. § 3582(c), claiming that the First Step Act and Amendment 782 to the Sentencing Guidelines necessitated a reduction in his sentence. For the reasons that follow, his petition will be denied.

### A. Application of the First Step Act

Mr. Johnson first invokes §§ 401 and 404 of the First Step Act of 2018, Pub. L. No. 115-39. Unfortunately for him, these provisions are inapplicable.[1] Section 401 addresses "any offense

---

[1] The caption of Petitioner's motion refers to §§ 441 and 444 of the First Step Act but his argument refers to §§ 401 and 404. I will assess his arguments under the latter sections.

that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." *Id.* § 401(c). The Third Circuit has interpreted "imposed" to mean sentences instituted by district courts on or after December 21, 2018. *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019) (holding that "imposing sentences is the business of district courts"). Because a district court sentenced Johnson in 2012, he is not eligible for relief under § 401.

Nor does Mr. Johnson's sentence qualify for a modification under § 404 of the First Step Act. This section contains an important limitation prohibiting courts from reducing a sentence that was previously imposed or reduced in accordance with section 2 or 3 of the Fair Sentencing Act of 2010. *See* Pub. L. No. 115-39, § 404(C). Because Defendant was sentenced in 2012 under the amended penalties of the Fair Sentencing Act, I lack the power to reduce his sentence on this ground.

### B. Application of Amendment 782 of the Sentencing Guidelines

Petitioner also argues that this Court may reduce his sentence pursuant to Amendment 782, which generally reduced, by two levels, the base offense levels assigned to drug quantities listed in §2D1.1 of the Guidelines. Where a defendant has been sentenced based on a range that has been lowered by the Sentencing Commission, a court may reduce a term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821 (2010). The policy statement associated with Amendment 782 states that a reduction is not authorized if it:

> [d]oes not have the effect of lowering the defendant's applicable guideline range because of the operation *of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)*.

USSG § 1B1.10 app. note 1(A) (emphasis added).

.

The Government has conceded that Amendment 782 would lower Johnson's applicable guideline range. *See* Gov. Resp. Opp'n 5, ECF 544. But the Guidelines specifically provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG, § 5G1.1. Because the statutory minimum of 240 months exceeds the altered Guideline range, pursuant to the Commission's policy statement, the statutory sentence is still controlling. Because no reduction is permitted, I am compelled to deny Petitioner's motion.

I agree with Mr. Johnson that he has shown great progress in rehabilitation, and have a profound concern about the length of his sentence, particularly in light of the sentences imposed on other members of the conspiracy, only one of whom is still incarcerated. I have communicated that concern to the Government. But I cannot discern a lawful basis on which to alter the terms of Mr. Johnson's sentence.

The necessary Order follows.


    /s/ Gerald Austin McHugh
United States District Judge